# EXHIBIT A

1/26/2022 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61165210
By: Patricia Jones
Filed: 1/26/2022 11:51 AM

2022-05063 / Court: 189

**CAUSE NO. __________________**

| | | |
|---|---|---|
| **BLANCA ARIAS,** *Plaintiff* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **MARMAXX OPERATING CORP.** *Defendant* | § | **_______ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

NOW COMES, Plaintiff, BLANCA ARIAS, and files this Original Petition against defendant, MARMAXX OPERATING CORP. D/B/A (TJ MAXX), and for cause would respectfully show the following:

**I. DISCOVERY CONTROL PLAN LEVEL**

1. Pursuant to Texas Rule of Civil Procedure 190.1, discovery level II. Plaintiff affirmatively plead that this case is, on its facts, not appropriate for prosecution under the expedited actions process under Texas Rule of Civil Procedure 169.

**II. PARTIES AND SERVICE**

2. Plaintiff, BLANCA ARIAS is an individual residing in Harris County, Texas.

3. Defendants, MARMAXX OPERATING CORP. D/B/A (TJ MAXX), is a Foreign For-Profit corporation and may be served with process with their registered agent, CT CORPORATION SYSTEM, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**III. JURISDICTION AND VENUE**

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over Defendants because they are Texas entities.

6. Defendant, MARMAXX OPERATING CORP. D/B/A (TJ MAXX), purposefully availed

Certified Document Number: 100049889 - Page 1 of 6

itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Furthermore, Defendant MARMAXX OPERATING CORP. D/B/A (TJ MAXX), had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. In addition to general jurisdiction, Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant, MARMAXX OPERATING CORP. D/B/A (TJ MAXX), to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

7. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8. On or about May 6, 2021, Plaintiff was a customer on Defendant's premises. The incident occurred when the Plaintiff fell on Defendant's premises at, 2938 Eldridge Pkwy, Houston, TX 77082. Plaintiff fell due to a defective clothing rack. The metal rod from the clothing rack posed an unreasonably dangerous condition causing Plaintiff to fall onto the ground. Defendant had actual and/or constructive knowledge of the defective clothing rack. Defendant failed to warn Plaintiff of the condition or make the condition safe in the first place by not removing the defective rack from the customer floor. Defendant was in the best position to eliminate and/or warn of this unreasonably dangerous condition. Defendant's breach of its duty proximately caused Plaintiff's injuries.

Certified Document Number: 100049889 - Page 2 of 6

## V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

9. At the time of the accident, Defendant negligently failed to maintain their premises in a safe and reasonable manner. Defendant had a duty to exercise ordinary care and reasonably and prudently maintain their premises safe for all people on the property. Defendant breached that duty in one or more way, each of which singularly or in combination with others was the proximate cause of the occurrence in question.

10. In addition, Defendants do not have in place policies or procedures that require, instruct, or direct it employees in making the premises reasonably safe. If such policies or procedures exist, then Defendants failed to enforce them. Defendants failed to train their employees in making the premises safe. And Defendants further failed to properly and adequately supervise and oversee its premises so as to prevent occurrences such as this one.

## VI. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

11. The Defendant had a duty to exercise the ordinary care of a premises operator and landlord to business invitees, i.e., the Plaintiff. The Defendant failed to make their premises safe for everyone entering the premises, including guests, invitees, and patrons. Defendant had actual and/or construction knowledge of this condition and failed to make safe or warn Plaintiff of the dangerous condition posed on Defendant's floor. This condition was not open or obvious, and Defendant was in the best position to make the condition safe.

## VII. DAMAGES FOR PLAINTIFF

12. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs BLANCA ARIAS, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiffs seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, BLANCA ARIAS for the necessary care and treatment of the

Certified Document Number: 100049889 - Page 3 of 6

        injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment sustained in the past;

F. Physical impairment sustained in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Mental anguish in the past; and

J. Mental anguish in the future.

## VIII. REQUIRED DISCLOSURE

13. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, BLANCA ARIAS, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the

Certified Document Number: 100049889 - Page 4 of 6

Plaintiffs may be entitled at law or in equity.

Respectfully Submitted,

**KGS LAW GROUP**

By: /s/ Abraham Garcia
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Brandon A. Kinard
State Bar No. 24079744
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
E-Service and Correspondence Email: kgs@kgslawgroup.com
**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 100049889 - Page 5 of 6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
KGS@KGSLAWGROUP.COM
Envelope ID: 61165210
Status as of 1/26/2022 12:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| ABRAHAM GARCIA | | KGS@KGSLAWGROUP.COM | 1/26/2022 11:51:51 AM | SENT |

Certified Document Number: 100049889 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this February 28, 2022

Certified Document Number: 100049889 Total Pages: 6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/26/2022 11:51:51 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 61165210
By: JONES, PATRICIA D
Filed: 1/26/2022 11:51:51 AM

2022-05063 / Court: 189

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** ____________ **CURRENT COURT:** ____________

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Request for Disclosure

**FILE DATE:** ____________ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: MARMAXX OPERATING CORP. D/B/A (TJ MAXX)

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas, 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- ☑ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias** **Newspaper**____________
- ☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)** ☐ **Capias** (not by E-Issuance) ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari** ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance) ☐ **Injunction** ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** ____________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**

- ☐ **ATTORNEY PICK-UP (phone)** ____________
- ☐ **MAIL to attorney at:** ____________
- ☐ **CONSTABLE**
- ☐ **CERTIFIED MAIL by District Clerk**
- ☑ **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: ____________ Phone: ____________
- ☐ **OTHER**, *explain* ____________

**Issuance of Service Requested By:** Attorney/Party Name: Abraham Garcia Bar # or ID 24078005

Mailing Address: 150 W. Parker Suite 705-B, Houston, TX 77076

Phone Number: 281-962-7772

Certified Document Number: 100049890 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this February 28, 2022

Certified Document Number: 100049890 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/25/2022 4:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62104686
By: Cynthia Clausell-McGowan
Filed: 2/25/2022 4:18 PM

CAUSE NO. 202205063

| | | |
|---|---|---|
| BLANCA ARIAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| MARMAXX OPERATING CORP. | § | 189TH JUDICIAL DISTRICT |

**ORIGINAL ANSWER OF DEFENDANT MARMAXX OPERATING CORP.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, MARMAXX OPERATING CORP., ("MARMAXX") in the above-entitled and numbered cause, files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions, and would respectfully show unto the Court and Jury as follows:

**I.**
**GENERAL DENIAL**

1.1 Defendant MARMAXX asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant as is required by the Constitution and laws of the State of Texas.

1.2 Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

**II.**
**AFFIRMATIVE DEFENSES**

By way of further defense, if such be necessary, Defendant asserts the following:

2.1 Defendant invokes the comparative and proportionate responsibility provisions of the Texas Civil Practice & Remedies Code, § 33.001, *et. seq.*

2.2 Defendant would show that, at the time and on the occasion in question, Plaintiff

Certified Document Number: 100605875 - Page 1 of 5

and/or others beyond this Defendant's control failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was alternatively a proximate cause or a producing cause or the sole proximate or the sole producing cause of the incident in question and any alleged injuries and damages stemming therefrom. This defense further includes the plaintiff's own failure to use reasonable care with regard to any and all open and obvious condition(s), if any alleged condition(s) exist.

2.3   Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible, including, but not limited to, Plaintiff.

2.4   Defendant would show that Plaintiff's alleged injuries and damages were the result, in whole or in part, of a new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by Defendant.

2.5   Plaintiff's recovery of medical expenses, if any, are limited and subject to the restrictions set forth by Section 41.0105 of the Texas Civil Practice and Remedies Code.

2.6   Plaintiff is not entitled to a recovery of damages for any medical condition and/or injury that resulted from a pre-existing and/or subsequent condition, or any other condition not proximately caused by the occurrence in question.

2.7   Plaintiff also is not entitled to a recovery of damages, if any, that they failed to mitigate.

2.8   Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have

Certified Document Number: 100605875 - Page 2 of 5

entered with any other party.

2.9 Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

2.10 Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

2.11 In the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiffs may have entered with any other party.

**III.**
**JURY DEMAND**

3.1 Defendant respectfully demands a jury for the trial of this matter, and hereby tenders the jury fee.

**IV.**
**DIRECTED COMMUNICATION**

4.1 Forward all communications regarding this matter to Marshall G. Rosenberg at mrosenberg@hartlinebarger.com; Jane Haas at jhaas@hartlinebarger.com; Ilene Maley at imaley@hartlinebarger.com; Jenni Fann at jfann@hartlinebarger.com and Catrina Edling at cedling@hartlinebarger.com. Failure to include all requested individuals referenced above in all communications, notices, and filings, shall be deemed inadequate service.

Certified Document Number: 100605875 - Page 3 of 5

WHEREFORE, PREMISES CONSIDERED, Defendant MARMAXX OPERATING CORP. prays that Plaintiff takes nothing by reason of this suit, that Defendant be discharged, and that it go hence with its costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/Marshall G. Rosenberg*

Marshall G. Rosenberg
State Bar No. 12771450
mrosenberg@hartlinebarger.com
Jane Haas
State Bar No. 24032655
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on February 25, 2022.

***Via e-service kgs@kgslawgroup.com***
Abraham Garcia
Carlos A. Saldana
Brandon A. Kinard
**KGS LAW GROUP**
150 W Parker Road, Suite 705-B
Houston, Texas 77076
***Attorneys for Plaintiff***

*/s/ Jane Haas*
Jane Haas

Certified Document Number: 100605875 - Page 4 of 5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ilene Maley on behalf of Jane Haas
Bar No. 24032655
IMaley@hartlinebarger.com
Envelope ID: 62104686
Status as of 2/28/2022 8:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Abraham Garcia | | kgs@kgslawgroup.com | 2/25/2022 4:18:45 PM | SENT |
| Ilene Maley | | imaley@hartlinebarger.com | 2/25/2022 4:18:45 PM | SENT |
| Jenni Fann | | jfann@hartlinebarger.com | 2/25/2022 4:18:45 PM | SENT |
| Catrina Edling | | cedling@hartlinebarger.com | 2/25/2022 4:18:45 PM | SENT |
| Marshall Rosenberg | | mrosenberg@hartlinebarger.com | 2/25/2022 4:18:45 PM | SENT |
| Jane Haas | | jhaas@hartlinebarger.com | 2/25/2022 4:18:45 PM | SENT |

Certified Document Number: 100605875 - Page 5 of 5


I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this February 28, 2022

Certified Document Number: 100605875 Total Pages: 5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**